ORDERED.

**Dated: May 19, 2015**

_Michael G. Williamson_
Michael G. Williamson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Case No. 8:11-bk-22258-MGW |
| | Chapter 7 |
| Fundamental Long Term Care, Inc. | |
| Debtor. _____/ | |

**ORDER GRANTING AMENDED MOTION TO APPROVE PROCEDURES
FOR FILING UNDER SEAL ITEMIZED BILLING STATEMENTS
FOR APPLICATIONS FOR COMPENSATION  (DOC. 1620)**

THIS CASE came before the Court for consideration of the Trustee's Amended Motion to Approve Procedures for Filing Under Seal Itemized Billing Statements for Applications for Compensation ("Motion") (Doc. 1620). The Court has reviewed the Motion, and is advised that the United States Trustee does not object to the Motion, as amended.  The Court is otherwise fully advised of premises.  The Court finds that no hearing is necessary on the Motion, and that the requested relief should be granted as set forth herein.  Accordingly, it is

**ORDERED**

1.　The Motion, as amended, is hereby GRANTED as set forth herein.

2.　In support of any interim application for compensation, the Trustee's counsel or other professional may file under seal the itemized and descriptive billing statements that would normally accompany such an application. Review of the billing statements filed under seal

pursuant to this Order, by the United States Trustee or this Court, shall not be a waiver of any privilege or protection.

      3.      In lieu of public disclosure of itemized and descriptive billing statements, the Trustee's counsel or other professional shall disclose:

      (i)      monthly fees billed per timekeeper, including the total number of hours worked, the hourly rate requested, and total fees for that timekeeper;

      (ii)      a detail of reimbursable costs;

      (iii)      a general summary of work performed on behalf of the estate; and

      (iv)      any other specific information required by the applicable Rules to the extent such information does not disclose work product or other privileged information.

      4.      To the extent a creditor or interested party believes it should be able to review certain of the itemized and descriptive billing statements (i.e. for tasks potentially unrelated to pending litigation), such party may request the Trustee allow a partial review.  If the parties cannot reach a resolution, such party may request a determination from this Court as to the confidentiality of the requested billing statements.

      5.      Any award granted pursuant to an application for compensation filed consistent with this Order shall be interim only, and subject to final review of all itemized and descriptive billing statements later disclosed at the conclusion of this case, and final approval by this Court and/or disgorgement upon final review by this Court.

Attorney Seth P. Traub is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.