ORDERED.

**Dated:  August 02, 2019**

Michael G. Williamson
Chief United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:                                                  Case No. 8:11-bk-22258-MGW
                                                        Chapter 7
Fundamental Long Term Care, Inc.
and Trans Health Management, Inc.,

        Debtors.
_____/

## MEMORANDUM OPINION AND
## ORDER ON REMAND FROM APPEAL OF
## ORDER GRANTING TRUSTEE'S
## VERIFIED MOTION TO APPROVE COMPROMISE
## OF CONTROVERSY WITH TROUTMAN SANDERS LLP

THIS CASE came before the Court without a hearing to consider the

District Court's Order dated May 30, 2019.[1]  In the Order, the District

Court remanded the Trustee's Verified Motion to Approve Compromise of

Controversy with Troutman Sanders LLP to this Court "to determine

whether the Trustee's settling with Troutman Sanders without approval

_____
[1] Doc. 2217.

from the Probate Estates violated the Settlement Term Sheet" signed by the Trustee and the Probate Estates.[2]

The Settlement Term Sheet provided for (1) the bankruptcy estate's claim against Troutman Sanders LLP (Troutman) to be placed in a litigation trust, and for (2) the Chapter 7 Trustee, Beth Ann Scharrer (Scharrer), to serve as trustee of the litigation trust under the direction of the Probate Estates.  But the Chapter 7 bankruptcy case was never fully administered and closed, Scharrer was never discharged from her duties as Chapter 7 Trustee, and the form of the litigation trust was never approved by the Bankruptcy Court.

Consequently, Scharrer entered the compromise with Troutman in her capacity as Trustee of the Chapter 7 estate, and not as trustee of the litigation trust.  As Chapter 7 Trustee, Scharrer had the exclusive authority to compromise the estate's claim against Troutman without obtaining the Probate Estates' direction or approval.

### A. Background

On December 5, 2011, the Probate Estate of Juanita Jackson filed an involuntary petition under Chapter 7 of the Bankruptcy Code against Fundamental Long Term Care, Inc. (the Debtor).[3]  No answer or response was filed to the involuntary petition, and an Order for Relief was entered on

---

[2] Doc. 2217, p. 16.
[3] Doc. 1.

January 12, 2012.[4]  On January 23, 2012, Scharrer was appointed as the Trustee in the Chapter 7 case.

The Probate Estate of Juanita Jackson, together with the Probate Estates of Elvira Nunziata, Joseph Webb, Arlene Anne Townsend, Opal Lee Sasser, and James Henry Jones (collectively, the Probate Estates) are the only creditors of the Debtor's bankruptcy estate, other than administrative claimants.

During the course of the Chapter 7 case, Scharrer and the Probate Estates recovered the sum of $20,450,000.00 for the bankruptcy estate.[5] The estate's administrative professionals filed a number of applications for compensation in the case,[6] and the Probate Estates objected to the applications.[7]

On September 9, 2015, Scharrer filed a Motion to Approve Compromise between Probate Estates, Trustee and Estate Professionals, and attached a Settlement Term Sheet as an exhibit to the Motion.[8] Generally, the Settlement Term Sheet provided that a motion to close the bankruptcy case would be filed as soon as possible, that the bankruptcy estate's claim against Troutman would be placed in a litigation trust, and

---

[4] Doc. 6.
[5] *See* Doc. 1855.
[6] Docs. 1616, 1644, 1648, 1649, 1651, 1652, 1653, 1668 & 1669.
[7] Doc. 1686, which also refers to a separate filing under seal.
[8] Doc. 1802.  On September 28, 2015, Scharrer filed an Amended Motion for Interim Distribution to Holders of Allowed Claims to reflect the compromise set forth in Doc. 1802.  (Doc. 1808).

that Scharrer would serve as trustee of the litigation trust under the direction of a steering committee composed of the Probate Estates.

On October 23, 2015, the Court entered an Order Approving Compromise Among Trustee, Probate Estates, and Fundamental Parties,[9] and on October 28, 2015, the Court entered an Order Granting Amended Motion for Interim Distribution to Holders of Allowed Claims.[10]

More than a year later, on December 16, 2016, Scharrer filed a Trustee's Verified Motion to Approve Compromise of Controversy with Troutman Sanders LLP.[11] The Probate Estates objected to Scharrer's proposed compromise, contending in part that they had the sole authority to settle the claim against Troutman pursuant to the Settlement Term Sheet.[12]

On May 17, 2017, the Court entered an Order granting Scharrer's Motion to Approve the Compromise with Troutman.[13] In the Order, the Court found that the Probate Estates lacked standing to object to the Motion to Compromise because they did not have a pecuniary interest in the dispute.

The Probate Estates appealed the Order approving Scharrer's compromise with Troutman,[14] and the District Court has entered an Order

---

[9] Doc. 1847.
[10] Doc. 1855.
[11] Doc. 1999.
[12] Doc. 2006.
[13] Doc. 2127.
[14] Doc. 2129.

on the appeal.  Generally, the District Court reversed the conclusion that

the Probate Estates lacked standing to object to the compromise, and

remanded the matter to this Court for a determination of "whether the

Trustee's settling with Troutman Sanders without approval from the

Probate Estates violated the Settlement Term Sheet."[15]

### B. The Settlement Term Sheet

A settlement in bankruptcy is governed by general principles of

contract law and interpretation.  Accordingly, a settlement agreement that

was entered in a bankruptcy case should be considered as a whole to

determine its intent.[16]

Here, the Settlement Term Sheet was entered by Scharrer and the

Probate Estates, and provided in part:

> 1. *A motion to close the case will be filed as soon as
> possible.  Claims of the estate against Troutman Sanders shall
> be dealt with as set forth in Paragraph 7 below.  All other
> unadministered assets*, including claims against litigation
> targets ("Targets") other than Troutman Sanders, *will be
> distributed to the Probate Estates as a distribution in connection
> with the closing of the estate.*
>
> . . .
>
> 7. *Any bankruptcy estate claims against Troutman
> Sanders shall be placed in a litigation trust* for the benefit of
> the Deferred Administrative Expense Claims (as defined below)
> and the Probate Estates.  *The Trustee shall serve as the trustee
> of the litigation trust*, with Allan Watkins of The Watkins Law
> Firm (or such other successor counsel chosen by the trustee and

---

[15] Doc. 2217, p. 16.
[16] *In re Chira*, 567 F.3d 1307, 1311 (11th Cir. 2009).

reasonably acceptable to the steering committee) serving as general counsel to the trustee.

. . .

      b. *In business and litigation decisions*, including hiring of counsel to prosecute claims and settling claims, except as otherwise set forth below, *the trustee of the litigation trust shall take direction from a steering committee made up exclusively by the Probate Estates and their representative(s). . . .*

. . .

      9. *This Settlement Term Sheet is subject to bankruptcy court approval, and further documentation reasonably acceptable to the parties, with any disputes as to documentation to be resolved by the Bankruptcy Court.*[17]

In its Order Granting Amended Motion for Interim Distribution to Holders of Allowed Claims, the Court provided specific instruction with respect to the Settlement Term Sheet's implementation:

      15. Following payment under paragraphs two through six above and approval of the Liquidating Trust as set forth in the Administrative Expense Order, *the Trustee shall promptly submit to the Office of the United States Trustee all traditional paperwork necessary to close this Chapter 7 case*, including, among other things, a final report. *Upon approval of such paperwork, which shall occur as soon as practicable, the Trustee shall file a motion to close this case, to approve the form of the Liquidating Trust*, to seek authority to make final distributions to the Liquidating Trust as set forth in any order approving the Liquidating Trust, *and to distribute any assets or other funds remaining in the Estate to creditors.*

      16. *Upon such final distribution and closing of this case, Beth Ann Scharrer shall cease all actions as Chapter 7 Trustee and may begin her duties as Trustee of the Liquidating Trust.*[18]

---

[17] Doc. 1802, Ex. 1 (emphasis added).
[18] Doc. 1855, p. 5 (emphasis added).

Viewing the Settlement Term Sheet and implementing Order as a whole, it is clear that the settlement was predicated on (1) the closing of the bankruptcy case, (2) the discharge of Scharrer from her duties as Chapter 7 Trustee, and (3) the approval of the form of the litigation trust by the Bankruptcy Court.  But as discussed more fully below, the conditions required by the Settlement Term Sheet did not occur, the litigation trust was never created, and Scharrer never commenced her position as trustee of the litigation trust.

### 1. The bankruptcy case was not closed.

First, the Settlement Term Sheet provided for the prompt filing of a motion to close the bankruptcy case.  But the bankruptcy estate has not been fully administered, and the case has never been closed.

On February 24, 2016, the Probate Estates filed a Motion to Close Bankruptcy Case Pursuant to the Court's Order Approving Compromise.[19] Troutman and another interested party, Rubin Schron, filed written responses to the motion.[20]

A hearing on the motion was conducted on March 30, 2016.  The United States Trustee appeared at the hearing and asserted that the Motion to close the case was premature because it had not yet received a

---

[19] Doc. 1938.  On March 15, 2016, the Probate Estates filed a Supplement to the Motion. (Doc. 1945).
[20] Docs. 1948, 1955.

final report from Scharrer, and therefore had not had the opportunity to begin its investigation and closing process.[21]  Additionally, Troutman and Rubin Schron appeared at the hearing and asked the Court to retain jurisdiction over matters that had not been concluded in the case and that affected their interests.[22]

After considering the representations and record, the Court determined that the Motion to Close the Bankruptcy Case should be denied.[23]  Section 350 of the Bankruptcy Code provides that the Court shall close a bankruptcy case "*[a]fter an estate is fully administered and the court has discharged the trustee.*"[24]  In this case, the Court noted that a number of matters remained pending in the bankruptcy estate, including a substantial adversary proceeding, and that closing the case was inappropriate while the parties were still engaged in active litigation.[25] The administration of the case was not complete.[26]

---

[21] Doc. 1958, pp. 27-29.

[22] Doc. 1958, pp. 29-35.  As set forth in his Response, for example, Rubin Schron asked the Court to retain jurisdiction over the enforcement of an injunction entered in his favor, "over the *Townsend* and *Sasser* cases," and over any post-appeal proceedings related to the Probate Estates' claims against him.  (Doc. 1948).  Troutman asked the Court to retain jurisdiction to ensure that the claim in Adv. Pro. 8:14-ap-148-MGW was the only remaining claim against Troutman and that no additional claims would be brought by the Probate Estates.

[23] Doc. 1958, p. 40.

[24] 11 U.S.C. § 350(a) (emphasis added).

[25] Doc. 1958, pp. 39-40.

[26] Doc. 1981, p. 39.

On April 18, 2016, the Court entered an Order Denying the Probate Estates' Motion to Close the Bankruptcy Case,[27] and the case remains open as an active Chapter 7 case as of the date of this Order.

### 2. Scharrer was not discharged as Chapter 7 Trustee.

Second, the Settlement Term Sheet provided for the Troutman claim to be placed in a litigation trust, and for Scharrer to serve as trustee of the litigation trust.  But Scharrer is not permitted to serve as trustee of the litigation trust until she has been discharged from her duties as Chapter 7 Trustee, because she is prohibited by the Bankruptcy Code from performing both roles at the same time.

Scharrer was appointed as the Trustee of the Chapter 7 estate on January 23, 2012.

Section 323 of the Bankruptcy Code provides that a trustee in a bankruptcy case is the representative of the estate.[28]  A Chapter 7 trustee is a fiduciary of the bankruptcy estate for which he serves.[29]  The duties of a Chapter 7 trustee are found at § 704 of the Bankruptcy Code and include reducing the estate's property to money and closing the estate "as expeditiously as is compatible with the best interests of parties in interest."[30]

---

[27] Doc. 1964.

[28] 11 U.S.C. § 323(a).

[29] *In re Jackson*, 2019 WL 2120743, at *5 (Bankr. D.N.M.).

[30] 11 U.S.C. § 704(a)(1).

A Chapter 7 Trustee must be disinterested.[31]  Section 701(a)(1) of the Bankruptcy Code requires the appointment of a "disinterested person" to serve as interim trustee in a Chapter 7 case,[32] and the interim trustee becomes the trustee if the creditors in the case do not elect another person to serve as permanent trustee.[33]  A "disinterested person" is a person who does not have an interest materially adverse to the estate or any class of creditors of the estate for any reason.[34]

Because of her fiduciary status and the disinterestedness requirement, Scharrer must be discharged from her duties as Chapter 7 Trustee before she can serve as trustee of the litigation trust under the Settlement Term Sheet.  She cannot serve as Trustee of the bankruptcy estate and as trustee of the litigation trust at the same time, because the interests represented by the two trusts are not aligned.[35]

In fact, the United States Trustee initially objected to the structure of the Settlement Term Sheet in part because it potentially allowed Scharrer to serve in more than one capacity, which is prohibited by the disinterestedness requirement of the Bankruptcy Code.[36]  The Court later

---

[31] *In re Barkany*, 542 B.R. 699, 711 (Bankr. E.D.N.Y. 2015).
[32] 11 U.S.C. § 701(a)(1).
[33] 11 U.S.C. § 702(d).
[34] 11 U.S.C. § 101(14).
[35] Doc. 1981, p. 39 (The Court explains that the Probate Estates are "not the entire [Chapter 7] case," and that administrative creditors in the bankruptcy case had changed their positions in reliance on Scharrer's continued performance of her duties as Chapter 7 Trustee.).
[36] Doc. 1807.

addressed the issue in the Order Granting the Trustee's Motion for Interim

Distributions, which specifically stated that Scharrer may begin her duties

as trustee of the litigation trust only after she had ceased all actions as

Chapter 7 Trustee.[37]

In other words, the two roles are not permitted to overlap.  Scharrer

may not serve as trustee of the litigation trust until she has been

discharged from her duties as Chapter 7 Trustee.  She has not been

released as Chapter 7 Trustee, however, because the administration of the

bankruptcy case is not complete and the case has not been closed.[38]

Accordingly, Scharrer is not permitted to serve as trustee of the litigation

trust.

### 3. The form of the litigation trust was not approved by the Bankruptcy Court.

Third, the Settlement Term Sheet provided that the bankruptcy

estate's claim against Troutman would be placed in the litigation trust,

subject to further documentation and necessary approvals.  But the form of

the litigation trust has never been approved by the Bankruptcy Court.

On January 6, 2016, Scharrer filed a Motion to Approve Liquidation

Trust Agreement, with a proposed Liquidation Trust Agreement attached to

---

[37] Doc. 1855, ¶ 16.

[38] Doc. 1981, p. 39 ("It is the conclusion of the Court that Ms. Scharrer should stay on as Chapter 7 Trustee until she completes administration of this case.  She has not yet done that.").

the Motion.[39]  According to Scharrer's proposed Agreement, the Trust's steering committee or "Liquidation Trust Oversight Committee" would consist of Scharrer or her designee, a representative of Shumaker, Loop & Kendrick, LLP, and six representatives of the Probate Estates.[40]

A hearing was conducted on Scharrer's motion on March 30, 2016.  At the hearing, the Probate Estates asserted the Settlement Term Sheet provided for the steering committee to consist exclusively of representatives of the Probate Estates, and therefore objected to the composition of the steering committee proposed by Scharrer.[41]  The Court determined that the Settlement Term Sheet appeared to clearly provide for the membership of the steering committee, and ruled that Scharrer's proposed Liquidation Trust Agreement should be approved, "with the modification that the steering committee will be the Probate Estates."[42]

On April 29, 2016, the Probate Estates filed a Motion to Approve Revised Liquidation Trust Agreement, with a proposed Revised Agreement attached to the Motion.[43]  Scharrer and Shumaker, Loop & Kendrick, LLP filed written responses to the Probate Estates' Motion.[44]

---

[39] Doc. 1909.
[40] Doc. 1909, Ex. 1, p. 9.
[41] Doc. 1958, pp. 14-18.
[42] Doc. 1958, pp. 20-23.
[43] Doc. 1965.
[44] Docs. 1975, 1978.

A hearing was conducted on the Probate Estates' motion on June 17, 2016.  At the conclusion of the hearing, the Court determined that Scharrer should continue as Chapter 7 Trustee until the administration of the bankruptcy estate was complete, and denied the Motion to Approve the Revised Liquidation Trust Agreement.[45]

In summary, the Settlement Term Agreement provided for the Troutman claim to placed in a litigation trust and for Scharrer to serve as trustee of the litigation trust under the direction of the Probate Estates. The Settlement Term Agreement was subject to further documentation and necessary Court approvals.  But no form of litigation trust agreement was ever approved by the Bankruptcy Court, and no litigation trust was ever created.

### C. Scharrer's authority to compromise the Troutman claim

For the reasons discussed above, the bankruptcy case was never closed, Scharrer was never discharged from her duties as Chapter 7 Trustee, and the form of the litigation trust was never approved by the Bankruptcy Court.  Consequently, Scharrer entered the compromise with Troutman in December 2016 in her capacity as Trustee of the Chapter 7 estate, and not as trustee of the litigation trust.  A Chapter 7 trustee is a

---

[45] Doc. 1981, pp. 38-39.

fiduciary for the bankruptcy estate who is obligated to maximize the

estate's assets pursuant to the trustee's own informed judgment.[46]

> The trustee is not the employee or agent of the creditors; they do not have the right to direct how the trustee chooses to perform the statutory duties of the position.  The trustee is in essence an independent third party charged with the responsibility of maximizing assets for the estate.[47]

As Chapter 7 Trustee, Scharrer had the exclusive authority to

compromise the estate's claim against Troutman without obtaining the

Probate Estate's direction or approval.

Accordingly, it is

**ORDERED t**hat the Trustee's settling with Troutman Sanders

without approval from the Probate Estates did not violate the Settlement

Term Sheet entered by the Trustee and the Probate Estates.

---

Attorney Robert F. Elgidely is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and file a proof of service within 3 days of entry of the Order.

---

**Robert F. Elgidely, Esq.**
  **Genovese Joblove & Battista, P.A.**
*Counsel for the Chapter 7 Trustee*

**James L. Wilkes, II, Esq.**
  **Wilkes & McHugh PA**
*Counsel for the Estates of Juanita Jackson, Elvira Nunziata, Joseph Webb, Opal Lee Sasser, Arlene Townsend, and James Henry Jones*

---

[46] *In re Vazquez*, 325 B.R. 30, 36-38 (Bankr. S.D. Fla. 2005).
[47] *In re Vazquez*, 325 B.R. at 38.