ORDERED.

Dated:  April 16, 2020

Michael G. Williamson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

In re:

Fundamental Long Term Care, Inc.

     Debtor.
_____/

Case No. 8:11-bk-22258-MGW
Chapter 7

**MEMORANDUM OPINION AND ORDER ON REMAND
FROM APPEAL OF ORDER ON MOTION
TO DISQUALIFY STEVEN M. BERMAN, ESQUIRE AND
SHUMAKER, LOOP & KENDRICK, LLP AS COUNSEL TO THE
CHAPTER 7 TRUSTEE NUNC PRO TUNC AND FOR
<u>DISGORGEMENT OF COMPENSATION</u>**

Steven M. Berman, Esquire and Shumaker, Loop & Kendrick, LLP

(together, Shumaker) were employed in this bankruptcy case as special

litigation counsel to the Chapter 7 Trustee from June 2012 to December

2015.  On June 4, 2018, the Probate Estates[1] filed a motion to disqualify

---

[1] The Probate Estates are the only creditors in the case.  They are the Estate of Juanita Jackson, the Estate of Elvira Nunziata, the Estate of Joseph Webb, the Estate of James Jones, the Estate of Opal Sasser, and the Estate of Arlene Townsend.

Shumaker and to require Shumaker to disgorge all compensation received in the case (the Disqualification Motion). If the disgorgement requested by the Probate Estates were granted, it appears that any compensation recovered from Shumaker would be used to pay the balance of the attorney's fees or costs owed by the Probate Estates to Wilkes & McHugh, P.A., the law firm that represented the Probate Estates both before and after the filing of the bankruptcy case.[2]

On August 21, 2019, this Court entered a Memorandum Opinion and Order denying the Disqualification Motion (the Disqualification Order).[3] The Probate Estates appealed the Disqualification Order, and on February 27, 2020, the District Court for the Middle District of Florida affirmed the

---

[2] On May 30, 2019, the District Court entered an Order in the Probate Estates' appeal of this Court's order approving the Trustee's settlement with Troutman Sanders LLP. In the Order, the District Court stated:

"Over years of litigation, the Trustee in Fundamental's bankruptcy generated $23.7 million in settlements, from which . . . the Probate Estates received about $16.2 million. But in accord with agreements, titled 'Settlement Statement[s]' between the Probate Estates' attorneys and each estate's representatives, each estate received from the Trustee's settlements a million dollars less a $50,000 'future cost reserve.' The remainder was paid to the attorneys. As a result, although the Trustee paid the Probate Estates more than $16 million from the $23.7 million in settlements, the six probate estates' representatives combined received less than $6 million. The Probate Estates' attorney's fees and costs consumed the remaining $10 million.

However, $10 million failed to satisfy the Probate Estates' anticipated attorney's fees and accumulated costs. Accordingly, a representative of each probate estate and an attorney from Wilkes and McHugh, P.A., stipulate in the Settlement Statements to defer 'the remaining [$7,352,104.38] balances of the attorney's fees for collection from any future settlements.'" (*Estate of Juanita Jackson, et al., v. Beth Ann Scharrer*, Case No. 8:17-cv-1545-T-23, Doc. 40, Order dated May 30, 2019, at pp. 3-4.).

The District Court recognized that the Settlement Statements constitute a "private bargain" between Wilkes & McHugh, P.A. and the Probate Estates for the Probate Estates to convey future settlement proceeds to the law firm as attorney's fees or costs. (*Id.* at pp. 13-14). The private fee agreement was never approved by any court.

[3] *In re Fundamental Long Term Care, Inc.*, 605 B.R. 249 (Bankr. M.D. Fla. 2019) (Doc. 2234).

2

Disqualification Order "in all respects except to the extent the Bankruptcy Court found no violation of the disclosure requirements of Rule 2014."[4] With respect to Shumaker's disclosures under Rule 2014, the District Court remanded the matter to this Court to determine (1) "if there was an unintentional, negligent and/or inadvertent nondisclosure" by Shumaker, and (2) if a Rule 2014 violation did occur, "whether and what type of sanction is warranted."[5]

The Court has considered the record on remand and finds that Shumaker inadvertently and non-negligently failed to disclose all of its connections with the Debtor, creditors, or other interested parties in this case. The Court further finds that no sanctions are warranted because the connections did not create a disqualifying conflict of interest, the nondisclosures were inadvertent, the connections were not material, Shumaker corrected the inadvertent nondisclosures, and Shumaker's representation of the Trustee greatly benefited the bankruptcy estate.[6]

## A. Shumaker's employment in the bankruptcy case

On December 5, 2011, the Estate of Juanita Jackson filed an involuntary Chapter 7 petition against the Debtor, and an order for relief

---

[4] *In re Fundamental Long Term Care, Inc.*, 2020 WL 954982, at *13 (M.D. Fla. February 27, 2020) (Doc. 2271, p. 36).

[5] *Id.* at *12.

[6] *In re Matter of Hutch Holdings, Inc.*, 532 B.R. 866, 881 (Bankr. S.D. Ga. 2015).

was entered on January 12, 2012.  Beth Ann Scharrer (the Trustee) was
appointed as the Trustee of the Chapter 7 estate.

Early in the case, on June 1, 2012, the Trustee filed an application to
employ Shumaker as special counsel to assist in litigation in the case.[7]  The
application was approved without objection on June 5, 2012.[8]  Shumaker's
employment by the Trustee continued for three and one-half years until
December 2015, when Shumaker filed a motion to withdraw as special
litigation counsel.[9]  The motion to withdraw was filed after the successful
conclusion of litigation in which Shumaker served as the Trustee's lead
litigation counsel, and the motion was granted on December 23, 2015.[10]

During Shumaker's employment, the Trustee and the Probate Estates
jointly investigated and pursued fraudulent transfer and related claims
against a number of litigation "targets."  The claims arose out of an alleged
pre-petition "bust-out" scheme that is described in the record and in
multiple reported decisions in this case.[11]  On January 31, 2014, the
Trustee and the Probate Estates filed a joint complaint containing 22
counts against 17 defendants.[12]  In addition to the main proceeding, the

---

[7] Doc. 158.
[8] Doc. 165.
[9] Doc. 1893.
[10] Doc. 1901.
[11] See, for example, *In re Fundamental Long Term Care, Inc.*, 527 B.R. 497, 502-09
(Bankr. M.D. Fla. 2015).
[12] Adv. Pro. 8:13-ap-893-MGW, Doc. 109.  The seventeen defendants were (1) General
Electric Capital Corporation; (2) Fundamental Administrative Services, LLC; (3) THI of
Baltimore, Inc.; (4) Fundamental Long Term Care Holdings, LLC; (5) Murray Forman; (6)
Leonard Grunstein; (7) Rubin Schron; (8) Ventas, Inc.; (9) Ventas Realty, Limited

Trustee also filed separate complaints against (1) Trans Healthcare, Inc., through its Receiver,[13] (2) Quintairos, Prieto, Wood & Boyer, P.A. and five other defendants,[14] and (3) Troutman Sanders LLP and two other defendants.[15]  Generally, the proceedings ended in settlements that produced an aggregate amount of $26 million for the bankruptcy estate.[16]

### B. The Disqualification Motion

On June 4, 2018, two and one-half years after Shumaker's withdrawal from its employment as the Trustee's special litigation counsel, the Probate Estates filed the Disqualification Motion.[17]  The Probate Estates filed the Disqualification Motion after they had unsuccessfully objected to the Trustee's compromise of the proceeding against Troutman Sanders LLP. The Probate Estates were dissatisfied with the Troutman Sanders compromise because the amount that they would receive from the settlement ($2.8 million) was insufficient to pay the balance owed to their attorneys ($7,352,104.38) after the attorneys had already received $10 million from the bankruptcy estate for their fees and other charges.[18]

---

Partnership; (10) GTCR Golder Rauner, LLC; (11) GTCR Fund VI, L.P.; (12) GTCR Partners VI, L.P.; (13) GTCR Executive Fund, L.P.; (14) GTCR Associates VI; (15) Edgar D. Jannotta, Jr; (16) THI Holdings, LLC; and (17) Hunt Valley Holdings LLC f/k/a Fundamental Long Term Care Holdings, LLC.

[13] Adv. Pro. 8:13-ap-1007-MGW.

[14] Adv. Pro. 8:13-ap-1176-MGW.

[15] Adv. Pro. 8:14-ap-486-MGW.

[16] See Docs. 1855, 1999, and 2127.

[17] Doc. 2153.

[18] *In re Fundamental Long Term Care, Inc.,* 605 B.R. at 255-56.

In the Disqualification Motion, the Probate Estates alleged that they had uncovered prepetition connections between Shumaker and four entities that had not been disclosed by Shumaker and that affected Shumaker's disinterestedness. The connections involved (1) Healthcare REIT, Inc. n/k/a Welltower Inc. (HCN), which they claimed was "an actual or potential adversary" of the Probate Estates and the bankruptcy estate; (2) two entities known as Lyric Health Care, LLC and Lyric Health Care Holdings III, Inc. (together, Lyric), which they claimed were adversaries of the Probate Estates and a subsidiary of the Debtor known as Trans Health Management, Inc.; and (3) Home Quality Management, Inc. (HQM), which they claimed was an adversary of two of the Probate Estates.

Based on the alleged connections, the Probate Estates asked the Court to disqualify Shumaker and to require Shumaker to disgorge all compensation received in the case because Shumaker was not disinterested as required by 11 U.S.C. § 327(a) and because Shumaker did not timely disclose the connections as required by Fed. R. Bankr. P. 2014.

Section 327(a) provides that a trustee may employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons."[19] Generally, the issue under § 327(a) is whether the employed professional is able to make unbiased and impartial

---

[19] 11 U.S.C. § 327(a).

6

decisions in the best interest of the estate.[20]  Rule 2014 implements the

disinterestedness provision of § 327(a) by requiring professionals to make

certain disclosures at the time that they seek employment.  Specifically, a

professional must set forth "the person's connections with the debtor,

creditors, or any other party in interest."[21]  Under the rule, a professional

must disclose all connections to parties in interest "that are not so remote

as to be *de minimis*."[22]

### C. The Disqualification Order

On August 21, 2019, the Court entered the Disqualification Order[23]

denying the Disqualification Motion.

### 1. HCN

In the Disqualification Order, the Court recognized that Shumaker

has represented HCN[24] for thirty years, and that it currently represents

HCN as an active client in corporate, real estate, and other transactional

matters as outside general counsel.[25]  But the Court found that the

representation did not present a disqualifying conflict for Shumaker under

§ 327 of the Bankruptcy Code.

---

[20] *In re New River Dry Dock, Inc.*, 497 Fed. Appx. 882, 887 (11th Cir. 2012).

[21] Fed. R. Bankr. P. 2014(a).

[22] *In re Fullenkamp*, 477 B.R. 826, 834 (Bankr. M.D. Fla. 2011) (quoting *In re Leslie Fay Cos., Inc.*, 175 B.R. 525, 536 (Bankr. S.D. Fla 1994)).

[23] Doc. 2234.

[24] In the Disqualification Order, the Court referred to Healthcare REIT, Inc. n/k/a Welltower Inc. as "Healthcare REIT."  In this Order, the entity is referred to as HCN, consistent with the Order entered by the District Court on February 27, 2020.

[25] *In re Fundamental Long Term Care, Inc.*, 605 B.R. at 257.

First, the Court found that HCN was not adverse to the Probate Estates.[26] In 2005, HCN had purchased real property in Auburndale, Florida where a facility known as the Auburndale Oaks nursing home was located. Two of the Probate Estates' decedents, Ms. Townsend and Ms. Jackson, resided in the Auburndale Oaks facility for a period of time. But HCN did not operate the Auburndale Oaks facility, Townsend's estate was the only party that asserted a claim against HCN, Townsend's estate filed a Notice of Voluntary Dismissal of HCN from the action without prejudice, and the state court entered an order dismissing the claim with prejudice before the bankruptcy case was filed.

Second, the Court found that HCN was not adverse to the bankruptcy estate.[27] In the Disqualification Motion, the Probate Estates asserted that HCN had prepetition connections to potential targets of the bankruptcy estate that were never investigated because of HCN's attorney-client relationship with Shumaker.

However, the Trustee and the Probate Estates undertook exhaustive discovery and litigation efforts to locate any potential source of recovery for the estate. The joint efforts, including the complaint, evidence, and trial in the main adversary proceeding, are detailed in the Disqualification Order and in the extensive record in the bankruptcy case. But despite the all-

---

[26] *Id.* at 257-58.
[27] *Id.* at 258-61.

encompassing joint investigation and litigation, neither the Probate Estates nor the Trustee nor the Trustee's general counsel[28] ever considered HCN as potentially liable to the bankruptcy estate.

The Court therefore concluded that Shumaker's representation of HCN did not lessen the value of the bankruptcy estate or create a circumstance that would generate a bias against the bankruptcy estate. The representation did not violate § 327(a) of the Bankruptcy Code.[29]

## 2. Lyric and HQM

In addition to Shumaker's representation of HCN, the Probate Estates alleged that Shumaker had connections with Lyric and HQM, that Lyric and HQM were adversaries of the Probate Estates, and that Shumaker's connections to Lyric and HQM affected its disinterestedness in the bankruptcy case. Lyric leased the real property underlying the Auburndale Oaks facility from HCN and operated the nursing home facility. HQM operated nursing homes in Florida pursuant to leases with HCN as the owner of the real estate. But Shumaker never served as attorney for either Lyric or HQM,[30] and the Court found that Shumaker's representation of their landlord did not create a disqualifying conflict of interest.[31]

---

[28] In response to the Probate Estates' allegation that Shumaker's representation of HCN created a conflict, the Trustee's general counsel wrote that he had "no records or recollection of [HCN] being a topic of discussion (as a potential target or otherwise) in the bankruptcy case."  (Ex. 1 to Doc. 2153, p. 2.).

[29] *In re Fundamental Long Term Care, Inc.*, 605 B.R. at 261 (referring to *In re New River Dry Dock*, 497 Fed. Appx. at 886-87).

[30] Doc. 2171, p. 9 ("Shumaker did not represent both the landlord and tenant.").

[31] *In re Fundamental Long Term Care, Inc.*, 605 B.R at 261-62.

### 3. Rule 2014

In the Disqualification Order, the Court also addressed Shumaker's disclosures under Rule 2014 of the Federal Rules of Bankruptcy Procedure. The analysis centered on Shumaker's representation of HCN, and the Court concluded:

> Shumaker's representation of [HCN] was not adverse to the Probate Estates or to the bankruptcy estate. Further, there is no evidence that Shumaker was aware of any alleged connection between [HCN] and the Probate Estates, or [HCN] and the bankruptcy estate, before the Probate Estates raised the issue in 2017.  In other words, this is not a situation in which Shumaker knew of the alleged connections and deliberately chose not to disclose them, or in which Shumaker's conflict check system was wholly inadequate.  Shumaker did not violate Rule 2014 by omitting its representation of [HCN] from its initial disclosures.[32]

Accordingly, because Shumaker did not have a disqualifying conflict of interest and did not knowingly fail to disclose any connections with interested parties, the Court denied the Disqualification Motion.  The Probate Estates appealed.[33]

### D. The District Court Order

On February 27, 2020, the District Court entered an Order on the Probate Estates' appeal of the Disqualification Order (the District Court Order).[34]  The District Court Order summarizes and adopts this Court's

---

[32] *Id*. at 262-63 (citing *In re Fullenkamp*, 477 B.R. at 834).
[33] Doc. 2238.
[34] Doc. 2271.

factual findings regarding Shumaker's connections with HCN, Lyric, and HQM,[35] thoroughly evaluates the factual findings under the "disinterestedness" requirement of the Bankruptcy Code,[36] and determines that this Court "did not err in reaching the conclusion that Shumaker did not possess a disqualifying interest under Section 327(a)."[37]

The District Court Order also determines that this Court followed proper procedures with respect to the level of hearing provided, its decisions regarding discovery, and the form of its findings of fact and conclusions of law.[38]

With respect to Shumaker's disclosures, the District Court found that this Court "as fact-finder, did not err in concluding that there was no knowing violation of Rule 2014 by Shumaker."[39]  As set forth by the District Court, this Court's conclusion was based on evidence that Shumaker did not knowingly and intentionally fail to disclose a potential conflict between HCN and the Probate Estates or HCN and the bankruptcy estate.[40]

But the District Court noted that an attorney's failure to disclose a connection may amount to a violation of Rule 2014 even if the failure is

---

[35] *In re Fundamental Long Term Care, Inc.*, 2020 WL 954982, at *5.
[36] *Id.* at **6-9.
[37] *Id.* at *9.
[38] *Id.* at **9-10.
[39] *Id.* at *11.
[40] *Id.* at *12.

inadvertent, unintentional, or negligent.[41]  As explained by the District

Court, the Disqualification Order is unclear as to whether this Court

evaluated Shumaker's omission of its connections with HCN, Lyric, and

HQM under a negligence standard.[42]  Accordingly, the District Court

vacated the ruling that Shumaker did not violate Rule 2014, and remanded

the matter to this Court "to determine, in the first instance, if there was an

unintentional, negligent and/or inadvertent nondisclosure by Shumaker,"

and "if the Bankruptcy Court determines a Rule 2014 violation occurred,

the court should then determine whether and what type of sanction is

warranted."[43]

### E. An inadvertent, non-negligent failure to disclose

The Trustee filed her application to employ Shumaker as special

litigation counsel (the Application) on June 1, 2012.  The Application was

accompanied by Shumaker's Declaration of Disinterestedness.[44]  On March

22, 2013, Shumaker filed a Supplemental Disclosure in Support of the

Application.[45]  On February 6, 2014, Shumaker filed an Amended

Declaration of Disinterestedness to accompany the Trustee's motion to

modify the terms of Shumaker's retention as special counsel.[46]  Finally, on

---

[41] *Id*. at *12 (quoting *In re Gulf Coast Orthopedic*, 265 B.R. 318, 323 (Bankr. M.D. Fla. 2001), and citing *In re Prince*, 40 F.3d 356, 361 (11th Cir. 1994), *Matter of Hutch Holdings, Inc.*, 532 B.R. 866, 882 (Bankr. S.D. Ga. 2015), and other cases.)
[42] *In re Fundamental Long Term Care, Inc.*, 2020 WL 954982, at *12.
[43] *Id*.
[44] Doc. 158.
[45] Doc. 726.
[46] Doc. 1362.

July 27, 2016, Shumaker filed a Notice Related to Continued

Disinterestedness.[47]

The original Declaration and supplements (the Declarations) do not

disclose any connection between Shumaker and HCN, Lyric, or HQM.  The

omission was inadvertent and not the result of negligence.

Case authority does not explain what constitutes a "negligent"

nondisclosure for purposes of Rule 2014.  Generally, however, a

misrepresentation is negligent under Florida law if the representor "should

have known the representation was false."[48]  To state a claim for negligent

misrepresentation, for example, a plaintiff must allege that the

representation was made "without knowledge of its truth or falsity, or . . .

under circumstances in which he ought to have known of its falsity."[49]

Additionally, under Rule 2014, an attorney is not charged with the

duty to disclose "every conceivable interpretation of its connections and

possible consequence resulting from the connections; as well as a prediction

of the outcome of any litigation that may result from, or be related to, the

referenced connection."[50]  When an attorney seeks employment in a

---

[47] Doc. 1993.

[48] *In re All American Semiconductor, Inc.*, 490 B.R. 418, 433 (Bankr. S.D. Fla. 2013).

[49] *Pruco Life Ins. Co. v. Brasner*, 2011 WL 2669651, at *7 (S.D. Fla.) (quoting *Souran v. Travelers Ins. Co.*, 982 F.2d 1487, 1504 (11th Cir. 1993)).

[50] *In re Enron Corp.*, 2002 WL 320344346, at *5 (Bankr. S.D.N.Y.) (quoted in *In re Fibermark, Inc.*, 2006 WL 723495, at *10 (Bankr. D. Vt.)).

bankruptcy case, the disclosure required by Rule 2014 should not be "an impossible task subject to endless litigation over what would be enough."[51]

Here, the record does not show that Shumaker knowingly omitted its connections with HCN, Lyric, and HQM from its Declarations.[52] Further, the record does not show that Shumaker omitted the connections under circumstances in which it should have known of the requirement to disclose.[53]

### 1. The connections

On May 4, 2018, after the Probate Estates raised the issue of Shumaker's potential conflict, Shumaker filed a sworn Supplemental Disclosure.[54] The Supplemental Disclosure includes the following representations with respect to HCN: (1) Shumaker did not represent HCN in the action commenced on behalf of the Townsend Estate, and therefore did not find any client representation adverse to the Debtor's creditors when it ran its conflicts checks;[55] (2) Shumaker was never litigation counsel for HCN as against any of the Probate Estates;[56] (3) Shumaker took only limited action as outside counsel in the Townsend litigation by signing

---

[51] *In re Enron Corp.*, 2002 WL 320344346, at *5.

[52] *In re Fundamental Long Term Care, Inc.*, 2020 WL 954982, at *11 ("The Bankruptcy Court, as fact-finder, did not err in concluding that there was no knowing violation of Rule 2014 by Shumaker.").

[53] See *Silver Creek Farms, LLC v. Fullington*, 2016 WL 11185939, at *4 (S.D. Fla.), and *In re Palm Beach Finance Partners, L.P.*, 517 B.R. 310, 341 (Bankr. S.D. Fla. 2013).

[54] Doc. 2150.

[55] *Id.*, ¶¶ 18-20.

[56] *Id.*, ¶ 27.

interrogatory responses, did not open a file for the Townsend litigation, and did not find any connection between the Townsend Estate and Shumaker in its conflicts checks;[57] (4) none of the Probate Estates had any claim against HCN as of the date that the bankruptcy petition was filed;[58] (5) neither Shumaker nor the Trustee knew of a connection between HCN and the Townsend Estate before the Probate Estates raised the issue in 2017;[59] and (6) HCN was never a target of any potential litigation by the Trustee, and was never discussed by the Trustee or the Probate Estates' attorneys.[60]

HCN leased the real property underlying the Auburndale Oaks facility to Lyric between 2005 and 2012.[61]  With respect to Lyric, the Supplemental Disclosure includes the representations that: (1) Lyric was never Shumaker's client;[62] (2) Shumaker's conflict system reflects that Lyric was an adverse party to HCN in corporate or real estate transactions that Shumaker worked on for HCN;[63] (3) any payments received by Shumaker from Lyric likely represented reimbursement to HCN for charges that HCN had incurred;[64] and (4) Lyric was never a target of any litigation by the Trustee in the bankruptcy case.[65]

---

[57] *Id.*, ¶¶ 28-29.
[58] *Id.*, ¶ 35.
[59] *Id.*, ¶ 39.
[60] *Id.*, ¶ 31.
[61] *Id.*, ¶¶ 14-15, 45.
[62] *Id.*, ¶ 43.
[63] *Id.*, ¶ 43.
[64] *Id.*, ¶ 43.
[65] *Id.*, ¶ 44.

On July 3, 2018, Shumaker filed a Memorandum in Opposition to the Disqualification Motion and addressed the allegations regarding HQM by stating that HQM is not its client, that HQM had leased real property from HCN upon which it operated nursing homes in Florida, and that HQM was never a target of any litigation in the bankruptcy case.[66]

### 2. No disregard of circumstances under which Shumaker should have known of the requirement to disclose

From these supplemental disclosures, the Court finds that Shumaker did not omit its connections with HCN, Lyric, and HQM under circumstances in which it should have known of the requirement to disclose. Shumaker did not represent HCN in any pre-bankruptcy litigation involving the Probate Estates, and none of HCN's pre-petition transactions ever surfaced as targets in the bankruptcy case despite exhaustive discovery and litigation. Lyric and HQM were not Shumaker's clients. Instead, they were adverse to Shumaker's client because of their landlord-tenant relationships.

Shumaker performed its customary conflicts checks, and no conflict appeared in its files. There is nothing in the record to show that Shumaker disregarded flags that should have alerted it to the connections, that Shumaker's conflict check system is inherently flawed, or that Shumaker

---

[66] Doc. 2171, pp. 11-13.

maintains the system in a manner that reflects poor intra-firm communication and data input.[67]

After noting that such circumstances may constitute grounds for finding an intentional violation of Rule 2014, the Court in *Fullenkamp* stated:

> [G]iven the various relationships between the parties, the Court is comfortable that Hahn Loeser's failure to discover the relationship was not – as Multibank argues – the result of a "woefully inadequate conflict check system."[68]

In *Fullenkamp*, the Court concluded that the omission was inadvertent and did not rise to the level of a sanctionable nondisclosure.[69] In this case, as in *Fullenkamp*, the record does not show that Shumaker initially omitted its connections to HCN, Lyric, and HQM under circumstances in which it should have known of the requirement to disclose. The omission was not the result of negligence.

### F. Not a sanctionable nondisclosure

In the District Court order remanding the issue of Shumaker's unintentional nondisclosure to this Court, the District Court recognized that "courts in this Circuit" have looked to the factors outlined in *Matter of Hutch Holdings, Inc.* to determine whether a sanction is appropriate to

---

[67] See *In re Ellipso, Inc.*, 462 B.R. 241, 257 (Bankr. D.D.C. 2011).
[68] *In re Fullenkamp*, 477 B.R. at 834.
[69] *Id.*

address an alleged disclosure violation.[70]  In *Hutch Holdings*, the Court

considered a law firm's failure to disclose certain connections in an

employment application, and noted that courts have an independent duty to

fashion the appropriate remedy for a violation of Rule 2014 on a case-by-

case basis.[71]

> The following factors have been used by
> bankruptcy courts in the Southern District of
> Georgia and elsewhere to determine the proper
> amount of a fee reduction: (1) "Whether the
> connections at issue would have created a
> disqualifying interest under section 327(a);" (2)
> "whether the failure to disclose was inadvertent or
> intentional;" (3) "the materiality of the information
> omitted;" (4) "counsel's efforts to correct the
> deficiency;" and (5) "the benefits provided to the
> estate by counsel."[72]

Depending on the particular facts in a case, the appropriate remedy

for a violation may be no reduction in fees at all to a reduction of the entire

amount of the fees paid to the attorney.[73]

The Court applies the factors identified in *Hutch Holdings* to

Shumaker's nondisclosures in this case and determines that no sanction is

warranted.

---

[70] *In re Fundamental Long Term Care, Inc.*, 2020 WL 954982, at n.8 (quoting *In the Matter of Hutch Holdings, Inc.*, 532 B.R. 866, 881 (Bankr. S.D. Ga. 2015).

[71] *In the Matter of Hutch Holdings, Inc.*, 532 B.R. at 881 (quoting *In re Sportsman's Link, Inc.*, 2012 WL 2998410, at *4 (Bankr. S.D. Ga.)).

[72] *In the Matter of Hutch Holdings*, 532 B.R. at 881 (quoting *In re American Int'l Refinery, Inc.*, 436 B.R. 364, 380 (Bankr. W.D. La. 2010), *aff'd*, 2011 WL 1636938 (W.D. La. Apr. 28, 2011), *aff'd*, 676 F.3d 455 (5th Cir. 2012)).

[73] *In the Matter of Hutch Holdings*, 532 B.R. at 881 (quoting *In re Sportsman's Link*, 2012 WL 2998410, at *4).

### 1. The connections did not create a disqualifying conflict

First, Shumaker's connections to HCN, Lyric, and HQM did not create a disqualifying conflict of interest.  In the Disqualification Order, this Court found that HCN is Shumaker's client, and that Lyric and HQM are not Shumaker's clients.  The Court concluded that Shumaker's representation of HCN did not lessen the value of the bankruptcy estate or create a circumstance that would generate a bias against the bankruptcy estate.[74]

The determination was affirmed in the District Court Order. Specifically, as to HCN, the District Court agreed with this Court's conclusion that the record refuted the Probate Estates' contention that claims against HCN were somehow overlooked in the bankruptcy case because of HCN's attorney-client relationship with Shumaker.[75]  The District Court also agreed that HCN was not adverse to the Townsend Estate when Shumaker was employed by the Trustee, because HCN had been dismissed from the Townsend litigation with prejudice before the bankruptcy case was filed.[76]

As to Lyric and HQM, the District Court agreed with this Court's conclusions that these entities were not targets in the bankruptcy case despite the Probate Estates' knowledge of them, and that the entities had been dismissed with prejudice from any state court actions by the Probate

---

[74] *In re Fundamental Long Term Care, Inc.*, 605 B.R. at 261.
[75] *In re Fundamental Long Term Care, Inc.*, 2020 WL 954982, at *8.
[76] *Id.* at **8-9.

Estates before the bankruptcy case was filed.[77]  For these and other reasons, the District Court found that this Court "did not err in reaching the conclusion that Shumaker did not possess a disqualifying interest under Section 327(a)."[78]

### 2. The failure to disclose was inadvertent

Shumaker's omission of its connections to HCN, Lyric, and HQM was inadvertent.  At the time that the bankruptcy case was filed, Shumaker did not represent HCN in any litigation involving the Probate Estates, and Lyric and HQM were never Shumaker's clients.  The District Court affirmed this Court's finding that "there was no knowing violation of Rule 2014 by Shumaker."[79]

### 3. The omitted connections were not material

Shumaker's connections with HCN, Lyric, and HQM were not material.  In *Hutch Holdings*, the Court determined that a law firm's nondisclosures were material where they involved the simultaneous representation of related debtors and the transfer of funds from the debtor to the debtor's principal.  In other words, the undisclosed information was "exactly the type that would give rise to potential and actual conflicts."[80]

---

[77] *Id*. at *8.
[78] *Id*. at *9.
[79] *Id*. at *11.
[80] *In re Hutch Holdings*, 532 B.R. at 883.

Here, it is established that Shumaker did not possess a disqualifying conflict of interest.[81]  Its client, HCN, had merely owned the real estate upon which several nursing homes were situated and leased the real property to the nursing home operators.  The Probate Estates did not provide any authority for their position that HCN, as landlord, was liable to the Probate Estates for the actions of the nursing home operators, and the District Court noted that "case law in other jurisdictions has specifically rejected this premise."[82]  Lyric and HQM were nursing home operators, but were never Shumaker's clients and in fact had opposing interests to Shumaker's client because of their status as HCN's tenants.

The interests of HCN, Lyric, and HQM were too remote to impact the bankruptcy estate, and the entities were never considered litigation targets in the case.  Shumaker's connections with HCN, Lyric, and HQM were not material to the bankruptcy case or to Shumaker's representation of the Trustee.

### 4. Shumaker corrected the omission

In late 2017, two years after it had withdrawn from its representation of the Trustee, Shumaker learned for the first time of the Probate Estates' claims regarding the alleged conflicts.[83]  Shumaker initially responded by providing information to the Trustee and the United States Trustee to

---

[81] *In re Fundamental Long Term Care, Inc.*, 2020 WL 954982, at *9.
[82] *Id.* at *8 (citing *Price v. TLC Health Care, Inc.*, 85 P.3d (Okla. 2004)).
[83] *In re Fundamental Long Term Care, Inc.*, 2020 WL 954982, at **4, 12.

support its position that its client, HCN, did not hold any interest adverse to the bankruptcy estate.[84]  The office of the United States Trustee was satisfied with the additional disclosures, and the Trustee's general counsel wrote a letter stating his opinion that Shumaker's representation of the Trustee did not create a conflict of interest.[85]

Additionally, on May 4, 2018, Shumaker filed the sworn Supplemental Disclosure detailing its attorney-client relationship with HCN and the status of Lyric and HQM as HCN's tenants.[86]

Upon learning of the allegations, Shumaker successfully corrected and explained the omissions asserted by the Probate Estates.

### 5. Shumaker provided substantial benefits to the estate

Shumaker was employed as the Trustee's litigation counsel in June 2012, and the employment continued until December 2015.[87]  During the intervening three and one-half years, Shumaker represented the Trustee in complex and time-consuming litigation against numerous defendants.  The litigation included the main adversary proceeding against 17 defendants,[88] and three other proceedings against an additional ten defendants.[89]  The proceedings ended in settlements that produced approximately $26 million

---

[84] Doc. 2150, ¶ 48.
[85] Doc. 2153, Ex. 1.
[86] Doc. 2150.
[87] Docs. 165 & 1901.
[88] Adv. Pro. 8:13-ap-893-MGW.
[89] Adv. Pro. 8:13-ap-1007-MGW; Adv. Pro. 8:13-ap-1176-MGW; and Adv. Pro. 8:14-ap-486-MGW.

for the bankruptcy estate.[90]  All of the proceedings were filed while

Shumaker represented the Trustee, and all but one of the settlements

occurred while Shumaker was the Trustee's litigation counsel.[91]  Shumaker

provided substantial benefits to the estate in the course of its employment

by the Trustee.

###    G. Conclusion

The District Court Order entered on February 27, 2020, affirmed this

Court's Disqualification Order in all respects except as to the finding that

Shumaker did not violate the disclosure requirements of Rule 2014.  With

respect to Shumaker's disclosures, the District Court remanded the matter

to this Court to determine "if there was an unintentional, negligent and/or

inadvertent nondisclosure" by Shumaker and, if a Rule 2014 violation did

occur, "whether and what type of sanction is warranted."[92]

The Court has considered the record on remand and finds that

Shumaker inadvertently and non-negligently omitted connections with the

Debtor, creditors, and other interested parties from its initial disclosures.

However, no sanctions are warranted for the omission because the

connections did not create a disqualifying conflict, the omission was

inadvertent, the connections were not material to the bankruptcy estate,

---

[90] See Doc. 1855.
[91] Doc. 1999.  The Trustee's Verified Motion to Approve Compromise with Troutman
Sanders LLP was filed on December 16, 2016.
[92] *In re Fundamental Long Term Care, Inc.*, 2020 WL 954982, at *12.

Shumaker corrected the omissions, and Shumaker's representation provided a substantial benefit to the estate.

Accordingly, it is

**ORDERED** that to the extent the Probate Estates seek the imposition of a sanction against Steven M. Berman, Esquire and Shumaker, Loop & Kendrick, LLP based on a violation of Fed. R. Bankr. P. 2014, the Disqualification Motion is **DENIED**.

Attorney Steven M. Berman is directed to serve a copy of this Order on interested parties who do not receive service by CM/ECF and file a proof of service within 3 days of entry of the Order.

**Steven M. Berman, Esq.**
**Shumaker Loop & Kendrick, LLP**

**James L. Wilkes, II, Esq.**
**Bennie Lazzara, Jr.**
**Wilkes & McHugh, P.A.**
  *Counsel for Probate Estates*